**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES GOLBERT, Cook County Public Guardian, on behalf of Trinity B., Romeo S., Connor H., Jadiene T., Jymesha S., Tatyana H., and Jamya B., <br><br> Plaintiffs, <br><br> vs. <br><br> AURORA CHICAGO LAKESHORE HOSPITAL, LLC, doing business as Chicago Lakeshore Hospital; SIGNATURE HEALTHCARE SERVICES, LLC; BEVERLY J. WALKER; THE ESTATE OF GEORGE SHELDON; DAVID FLETCHER-JANZEN; NEIL SKENE; MICHAEL C. JONES; TIERNEY STUTZ; BEVERLY MIMS; MARCO LEONARDO; DENISE ELLIS; BROOKE SLOAN; NIAMA MALACHI; TAUSHA BLUITT; ELISABETH SCHEI; RICHARD KASYOKI; DION DILL; NIKOLAY KATSAROV; ADEBOLA ("DEBBIE") MAJEKODUNMI; SHANE MICHAELS; and EVE BROWNSTONE, <br><br> Defendants. | Case No. 19-cv-08257 <br><br> Honorable Judge Mary M. Rowland |

**DAVID FLETCHER-JANZEN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER RULE 12(b)**

Defendant, David Fletcher-Janzen, by and through his attorneys, submits this Reply Brief in support of his motion to dismiss Plaintiffs' First Amended Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b).

**INTRODUCTION**

Plaintiff Charles Golbert's First Amended Complaint, brought on behalf of seven minors in the custody of the Illinois Department of Children and Family Services ("DCFS"), fails to state a claim against Defendant David Fletcher-Janzen ("Fletcher-Janzen"). As shown below, Plaintiffs

1

rely on group pleading and group argument in their Response to convince this Court that the First Amended Complaint ("FAC") states a claim against Fletcher-Janzen. Plaintiffs' collective Response, which largely parrots the FAC, fails to explain how their conclusory allegations state any plausible claim for relief against Fletcher-Janzen under § 1983 or state law. Because Plaintiffs cannot satisfy their pleading requirements with mere legal conclusions, their claims against Fletcher-Janzen should be dismissed with prejudice.

## ARGUMENT

**I.      Plaintiffs Have Not Alleged Sufficient Facts to Support Their § 1983 Claims.**

Plaintiffs concede, as they must, that Fletcher-Janzen cannot be considered a state actor unless he was acting under color of state law. (*See* Dkt. 190, at 13–14). The Response attempts to set forth theories in an attempt to establish that Fletcher-Janzen was a state actor – namely, that Fletcher-Janzen conspired or was jointly engaged with state actors to deprive Plaintiffs of their constitutional rights, that Fletcher-Janzen performed an exclusive public function, and that a sufficiently close nexus existed between DCFS and Lakeshore such that Fletcher-Janzen's actions may fairly be treated as that of DCFS itself. (*See* Dkt. 190, at 13–17). To that end, Plaintiffs' factual allegations against Fletcher-Janzen are insufficient, and their § 1983 claims against him must be dismissed.

   **A.      Plaintiffs Have Not Alleged Sufficient Facts to Find that Fletcher-Janzen was a State Actor Capable of Liability under § 1983.**

As a private actor, Fletcher-Janzen cannot be subject to § 1983 liability unless his actions can be "characterized as state action." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009).  As shown below, Plaintiffs' FAC fails to allege any facts sufficient for the Court to conclude that Fletcher-Janzen's involvement can be plausibly "characterized as state action," and Plaintiffs' Response Brief confirms this failure.

First, in just one paragraph addressing all nine Chicago Lakeshore Individual Defendants generally, Plaintiffs make the conclusory argument that their allegations support a "conspiracy theory" of state action against all nine Chicago Lakeshore Defendants. *See* Dkt. 190 at 10-11. Plaintiffs are wrong. To establish a "conspiracy theory" of state action, Plaintiffs must plead factual allegations that Fletcher-Janzen and a state actor "reached an understanding to deprive the plaintiff of his constitutional rights" and that the private actor (Fletcher-Janzen) was a "willful participant in the joint activity the State or its agents." *Spiegel*, 916 F.3d 611, 616 (7th Cir. 2019). Of the seven paragraphs in the FAC cited by Plaintiffs in their Response, only four even mention Fletcher-Janzen – paragraphs 82, 87, 98 106 – and none of those paragraphs (individually or collectively) plausibly establish "conspiracy theory" of state action. *See* Dkt. 190 at 10-11 (citing FAC, Dkt. 135 ¶¶ 78-78 [sic], 83, 88-89, 98-99, 106).

Paragraph 82, for example, alleges that Fletcher-Janzen, along with two other Chicago Lakeshore private actors (Malachi and Bluitt), "failed to take proper action against Kasyoki" (another private actor), after Plaintiff Jymesha S. reported Kasyoki's sexual assault and improper sexual comments. *See id.* Likewise, Paragraph 87 only involves allegations of Fletcher-Janzen not taking proper steps with respect to other Chicago Lakeshore private acts; Paragraph 98, too, involves only allegations with Chicago Lakeshore private actors and Chicago Lakeshore internal. *Id.* The last citation from Plaintiffs' Response, Paragraph 106, alleges that Malachi and Bluitt "routinely refused or otherwise failed to provide DCFS investigators with video footage that could have corroborated a Plaintiff's allegation." This allegation, as with the others mentioned above, fail to state (or even raise an inference) that *Fletcher-Janzen* "reached an understanding" with a state actor to deprive any of the Plaintiffs of their constitutional rights, nor do they establish that Fletcher-Janzen was a "willful participant" in a non-existent conspiracy. *Spiegel*, 916 F.3d at 616.

3

Moreover, Plaintiffs make the conclusory allegation that Fletcher-Janzen "approved of and condoned" the conduct of ignoring the Plaintiffs' verbal complaints of the sexual assaults to allow Chicago Lakeshore to remain open. *See* FAC, ¶ 110. Again, this is not an allegation of a conspiracy.

Despite the lack of factual allegations as discussed above for "conspiracy theory" state action, Plaintiffs' Response goes on to state in a conclusory fashion that "all Individual CLS Defendants knew, or had reason to know, that the alleged abuse was take place, and worked with other Defendants to cover up these instances of abuse and keep the Hospital open to DCFS patients." *See* Dkt. 190 at 11. To begin, it is an incorrect statement of law for Plaintiffs to assert that a "conspiracy theory" for state action is satisfied if an individual did not have *actual knowledge* of the conspiracy but "*had reason to know*" of it. *Compare* Dkt. 190 at 11 (making this argument with no legal authority), *with Spiegel*, 916 F.3d at 616 (requiring defendant to "reach an understanding" and be a "willful" participant with a state actor). Plaintiffs cannot square their proposed standard of "had reason to know of it" with the *mens rea* requirement of "willful" participant. Regardless, this argument is nothing more than a "legal conclusion" and is insufficient to survive a motion to dismiss. *See Kempa 3105, LLC v. Sauk Vill., Ill.*, No. 19 CV 8118, 2020 WL 4934972, at *4 (N.D. Ill. Aug. 24, 2020). For these reasons, the conspiracy theory liability argument fails.

Second, Plaintiffs argue in their Response that the "public function" doctrine is applicable and establishes state action because DCFS allegedly had "control" of Chicago Lakeshore. *See* Dkt. 190 at 11. Plaintiffs argument is misplaced. "The relevant question is *not* simply whether a private group is serving a public function," rather, it "is whether the function performed has been traditionally the *exclusive* prerogative of the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 842

(1982) (internal citation and quotations omitted) (emphasis in original). For purposes of § 1983, the critical issue is whether "DCFS, under Illinois law, is the only agency to be awarded legal custody of abused and neglected children for their protection." *Letisha A. By Murphy v. Morgan*, 855 F. Supp. 943, 949 (N.D. Ill. 1994). Care of DCFS wards is, therefore, not an exclusive public function. *See Letisha A.*, 855 F. Supp. at 949; *see also Garner v. Lakeside Cmty. Comm.*, 2011 WL 2415754, at 4\* (N.D. Ill. June 13, 2011) (rejecting claim that "foster care management, adoptions, and prevention of child abuse" were exclusively public functions). And, the existence of a purported contract between DCFS and Chicago Lakeshore does not alter this relationship. *See Garner*, 2011 WL 2415754, at \*5-6.

The authority on which Plaintiffs rely—*Rodriguez v. Plymouth Ambulance Service* and *Woods v. Maryville Academy*—do not offer support to reach their desired result. In *Rodriguez,* the Seventh Circuit noted that a private organizations and their employees who have only an "incidental and transitory relationship" with a patient in State custody is simply too attenuated to convert a private individual's actions into state action. 577 F.3d 816, 827 (7th Cir. 2009). *Woods* found that a private, residential institution that taking custody of DCFS wards from the State for *long-term* placements was sufficiently close of a relationship to find state action. No. 17-cv-8273, 2018 WL 6045219, at \*7 (N.D. Ill. Nov. 19, 2018). But, DCFS wards, including Plaintiffs, were sent to Chicago Lakeshore only for treatment of "acute psychiatric symptoms" for "short amount[s] of time," *see* FAC ¶¶ 42–45; therefore, *Woods* is distinguishable. Because Plaintiffs have not adequately pled state action, their § 1983 claims against Fletcher-Janzen must be dismissed.

### B. Plaintiffs Fail to Pled Other Elements Of Their § 1983 Claims.

Even assuming *arguendo* that Fletcher-Janzen was a state actor and was personally involved in Plaintiffs' alleged harm, their § 1983 claims are still inadequate.

5

**1. Plaintiffs Have Not Adequately Pled Claims For Violations of the Fourteenth Amendment Against Fletcher-Janzen (Count One).**

In his opening brief, Fletcher-Janzen explained that Plaintiffs failed to allege sufficient facts to plausibly suggest that he was deliberately indifferent to their purported harms. (Dkt. 143, at 7–8); *see generally Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005) ("A prison official cannot be found liable under the Eight Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety."). The Response only addresses Defendant Brownstone's argument regarding Plaintiffs' failure to meet the deliberate indifference standard as set forth in her opening brief. (Dkt. 190, at 20–21). Consequently, Plaintiffs have forfeited any argument that Fletcher-Janzen was deliberately indifferent to Plaintiffs. *See Stransky v. Cummings Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal to support his cause of action. The federal court will not invent legal arguments for litigants.").

Even if the Court does not find forfeiture, there are not sufficient factual allegations by Plaintiffs asserting Fletcher-Janzen was deliberately indifferent. Plaintiffs are attempting to pursue their conditions-of-confinement claim against Fletcher-Janzen because of his actions in "respond[ing] to and investigat[ing] allegations of abuse." *See* Dkt. 190 at pp. 19-20. Plaintiffs argue that Fletcher-Janzen "knew or should have known about the risk of Abuse to the Child Victims and facilitated it, approved it, and condoned it by not taking appropriate actions to put an end to it." *See* Dkt. 190 at 19 (citing Dkt. 135, ¶¶ 99, 112). Paragraph 112 of the FAC criticizes the manner in which Fletcher-Janzen investigated allegations of abuse, and paragraph 98 alleges that Fletcher-Janzen "regularly attended daily 'FLASH' meeting in which they reviewed incidents, allegations and accident that took place at the Children's Hospital, such as the abuse alleged herein." Taking all of these allegations as true, Plaintiffs still fail to satisfy the "personal

6

involvement" prong for this claim. In order to do so, Plaintiffs must plausibly allege that Fletcher-Janzen was put on notice that any of the individual Plaintiffs were going to be sexually assaulted and "facilitated it, approved it, condoned it, or turned a blind eye to it." *See Gill*, 850 F.3d at 344; *Rivera v. Town of Cicero*, No. 19 C 3728, 2020 WL 3868713, at *2 (N.D. Ill. July 9, 2020), ("Absent these allegations, the Court cannot find that Perez and Lara were personally involved in the initial stop."). Here, however, Plaintiffs allegations appear only to be critical of the *type* of investigatory response that Fletcher-Janzen provided. This is insufficient to state a conditions of confinement claim against Fletcher-Janzen. As such, Count I against Fletcher-Janzen should be dismissed.

      **2.    Plaintiffs Do Not State a Claim For Violation Of The First and Fourteenth Amendment Right of Access To The Courts Against Fletcher-Janzen (Count Two).**

Plaintiffs do not plead sufficient facts to state a access-of-courts claim against Fletcher-Janzen. A claim for deprivation of the constitutional right of access to courts requires a plaintiff to plead an underlying cause of action, whether anticipated or lost, and official acts "frustrating the litigation" of that cause of action. *See Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002).

In their Response, Plaintiffs assert that because the "Individual CLS Defendants" conspired to conceal evidence of Plaintiffs' abuse, they have adequately alleged a right of access to the court claims against Fletcher-Janzen. *See* Dkt. 190 at 25–26. This assertion mirrors the conclusory allegations in the Complaint (*see* FAC ¶¶ 143–145), which do not satisfy the pleading requirements to state an access-to-courts claim (*see Howard v. Webster*, 339 F. App'x 616, 618 (7th Cir. 2009)). Moreover, Plaintiffs' reliance on *LaPorta v. City of Chicago*, 102 F. Supp. 3d 1014, 1023 (N.D. Ill. 2015), is distinguishable, because the court found significant the allegations that the City of Chicago spent *four years* allegedly covering up key facts. No such allegations exist in the FAC. Furthermore,

7

it is well established that "[n]ot every act of deception in connection with a judicial proceeding gives rise to a constitutional action." *Robin v. City of Zion*, No. 15 C 11377, 2016 WL 3539126, at *4 (N.D. Ill. June 29, 2016). Even assuming Plaintiffs had alleged that Fletcher-Janzen participated in a "cover-up," "[a] cover-up that somewhat delays redress but still allows sufficient time for the plaintiff to file a civil action before the expiration of the limitations period does not substantially prejudice the plaintiff's access to court." *Harer v. Casey*, 962 F.3d 299, 307 (7th Cir. 2020). Plaintiffs have filed this instant action and, in doing so, have demonstrated that their right to petition the courts for an underlying cause of action has not been impaired. *See id*. Try as they might, Plaintiffs cannot sufficiently plead an access-to-courts claim against Fletcher-Janzen.

### 3. Plaintiffs Have Not Stated A Claim For Failure To Intervene Against Fletcher-Janzen (Count Three).

Plaintiffs have not stated a claim for failure to intervene against Fletcher-Janzen. The elements of a failure to intervene claim include that (1) the defendant knew that a constitutional violation was committed and (2) had a realistic opportunity to prevent it. *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). In conclusory fashion, Plaintiffs attempt to hold Fletcher-Janzen liable by alleging that Fletcher-Janzen "facilitated, approved, or condoned" the "Abuse to which the Child Victims were subjected to." Yet Plaintiffs' own case law cited supports Fletcher-Janzen's motion to dismiss. *See* Dkt. 190 at 27 (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (stating that the defendant "who is *present* and fails to intervene to prevent other law enforcement from infringing on the constitutional rights of citizens…") (emphasis added)). Here, Plaintiffs never allege that Fletcher-Janzen was "present" for any alleged sexual assault, denial of the access to the courts, or conspiracy to deprive constitutional rights, *see* Dkt. 190 at 27, so Plaintiffs' argument fails under their own cited case law. *See also Gill v. City of Milwaukee,* 850 F.3d 335, 342 (7th Cir. 2017).

Moreover, Plaintiffs appear to be conflating failure-to-intervene liability with their constitutional claims in Counts I and II because failure-to-intervene liability requires, again, the defendant to be "present" and have had the opportunity *to intervene* prior to the constitutional violation occurring. *See id.* None of the allegations in Plaintiffs' FAC or cited in Plaintiffs' Response as to Fletcher-Janzen, however, involve him being present and aware that such a constitutional violation was occurring and affirmatively declining the opportunity to intervene. *See* Dkt. 190 at 26-27. Therefore, Plaintiffs have failed to plausibly allege a failure-to-intervene claim. *Yang*, 37 F.3d at 285; *Gill*, 850 F.3d at 342. Accordingly, Count Three should be dismissed with prejudice as to Fletcher-Janzen.

### 4. Plaintiffs Have Not Adequately Pled Conspiracy to Deprive Constitutional Rights Against Kasyoki (Count Four).

Plaintiffs' claims against Fletcher-Janzen for conspiracy to deprive constitutional rights must be dismissed. To state a § 1983 conspiracy claim against Fletcher-Janzen, Plaintiffs must allege facts plausibly suggesting an "express or implied agreement among defendants to deprive them of their constitutional rights" and "actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). In their Response, Plaintiffs correctly state they are not required to meet a "heightened" pleading standard, but the standard cited above does not call for such a pleading standard and it is in fact the case Plaintiffs cite in their own Response Brief. *See* Dkt. 190 at 22. Instead, Plaintiffs broadly argue that they have alleged "ample direct and circumstantial evidence" supporting the existence of an alleged conspiracy by the "Individual CLS Defendants," *see* Dkt. 190 at 22–25.

However, as explained above at Section I(A), *see* pages 2-5, the FAC does not contain "a whiff of a conspiratorial agreement" between Fletcher-Janzen and the other defendants to deprive any one Plaintiff or more than one Plaintiff of their constitutional rights. *See Redd v. Nolan*, 663

9

F.3d 287, 292 (7th Cir. 2011). Moreover, Plaintiffs' bullet-pointed list in their Response, *see* Dkt. 190 at 23-24, only complains about what Plaintiffs assert are constitutional violations against particular Defendants – not a conspiracy to commit a constitutional violation. *Id.* Again, a conspiracy claim necessarily requires plausible factual allegations that *a mutual agreement was struck between two parties* to commit a constitutional violation and that the defendant was a "willful" participant and took an overt act in furtherance of the conspiracy. *Redd*, 663 F.3d at 292; *Outlaw v. City of Cahokia*, 2017 WL 1491836, at *5 (S.D. Ill. April 26, 2017) ("However, after *Bell Atlantic* and *Iqbal*, bare conclusions that defendants are 'leagued in a conspiracy' are not enough."). Plaintiffs fail to plausibly allege these types of allegations between Kasyoki and any other defendant to deprive any Plaintiff(s) of their constitutional rights. Accordingly, Count Four should be dismissed with prejudice as to Fletcher-Janzen.

**II.     Plaintiffs Do Not Sufficiently or Plausibly Pled State Law Claims.**

    **A.     Plaintiffs Do Not State A Claim For Intentional Infliction of Emotional Distress Against Fletcher-Janzen.**

In their Response, Plaintiffs again make the conclusory argument that Fletcher-Janzen is liable for intentional infliction of emotional distress ("IIED") as to all Defendants yet does not explain how each of the Plaintiffs have stated a claim against Fletcher-Janzen individually. *See* Dkt. 190, at 28. To state a claim for IIED under Illinois law, a plaintiff must allege: (1) the defendant's conduct was truly extreme and outrageous, (2) the defendant either intended that his conduct would cause severe emotional distress or knew that there was a high probability that his conduct would do so, and (3) the defendant's conduct did in fact cause severe emotional distress. *Ostendorf v. Elkay Mfg. Co.*, No. 94 C 50170, 1994 WL 741425, at *3 (N.D. Ill. Dec. 29, 1994). The FAC, even when read as a whole, does not support the inference that Fletcher-Janzen had knowledge of the acts or omissions resulting in these minor plaintiffs' harm, specifically,

sexual assaults. Again, there are no plausible allegations that Fletcher-Janzen was on notice prior to the sexual assault occurring that the act would be occur. Therefore, it cannot be inferred that Fletcher-Janzen intended to harm the Plaintiffs or knew any of his actions would do so, even taking Plaintiffs' allegations of failing to appropriate investigate after FLASH meetings. *See Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 155–56 (1st Dist. 1999). Moreover, as stated in Fletcher-Janzen's opening brief, and as left unaddressed in the Response, allegations of deficient investigations into uncommendable responses to complaints of sexual abuse or harassment are insufficient to state a claim for IIED. *See Krumlauf v. Benedictine Univ.*, No. 09 C 7641, 2010 WL 1418579, at *2 (N.D. Ill. Apr. 7, 2010); *see also Wilson-Trattner v. Campbell*, 863 F.3d 589, 596–97 (7th Cir. 2017); *Giraldi v. Lamson*, 205 Ill. App. 3d 1025, 1030 (1st Dist. 1990). As such, Count Eleven should be dismissed with prejudice as to Fletcher-Janzen.

### B. Plaintiffs Do Not State A Claim For Civil Conspiracy Against Fletcher-Janzen.

Plaintiff's state law claim for civil conspiracy suffers from the same pleading defects as their federal conspiracy claim and Fletcher-Janzen adopts those arguments here. *See* Section I(A) at pp. 2-5; Section I(B)(4) at pp. 8-10. To state a claim for civil conspiracy against Fletcher-Janzen, Plaintiffs must allege the existence of an agreement. *Tucker v. Soy Capital Bank & Tr. Co.*, 2012 IL App (1st) 103303, ¶ 52 (internal citation omitted). For all the reasons in Section I(A) at pp. 2-5 and Section I(B)(4) at pp. 8-10, above, Plaintiffs have failed to plausibly allege the existence of a mutual agreement between Fletcher-Janzen and any defendant to intentionally infliction emotional distress on any of the Plaintiffs. For these reasons, Count Fourteen should be dismissed with prejudice as to Fletcher-Janzen.

### C. Plaintiffs Have Waived Any State Law or Medical Negligence Claim Against Fletcher-Janzen.

In Fletcher-Janzen's opening brief, he specifically moved to dismiss any state law medical negligence claim against him for failing to comply with the requirements of 735 ILCS 5/2-622. *See* Dkt. 143, at 14–15. In response, Plaintiffs do not dispute this and concede the following: "[t]he Child Victims have not asserted state law negligence claims against the Individual CLS Defendants, nor have they alleged the Individual Defendants engaged in medical malpractice." *See* Dkt. 190, at 30 As such, Plaintiffs have waived any state law or medical negligence claim against Fletcher-Janzen. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 897 F.3d 835, 840 (7th Cir. 2018) ("Waiver is an intentional relinquishment or abandonment of a known right") (internal citation and quotations omitted).

## CONCLUSION

For these reasons, Plaintiffs' claims against Fletcher-Janzen should be dismissed with prejudice.

Dated: November 20, 2020     Respectfully submitted,

/s/ Matthew Kaminski

Michael E. Prangle (mprangle@hpslaw.com)
Michael T. Koptik (mkoptik@hpslaw.com)
Daria A. Porta (dporta@hpslaw.com)
Matthew J. Kaminski (mkaminski@hpslaw.com)
Matthew E. Rechtoris (mrechtoris@hpslaw.com)
HALL PRANGLE & SCHOONVELD LLC
200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
Tel: (312) 267-6881

*Counsel for Defendant David Fletcher-Janzen*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that, on November 20, 2020, a true and correct copy of **David Fletcher-Janzen's Reply in Support of His Motion to Dismiss Plaintiffs' Amended Complaint Under Rule 12(b)(6)** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated: November 20, 2020

/s/ Matthew Kaminski
HALL PRANGLE & SCHOONVELD LLC
200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
Tel: (312) 267-6881

*Attorney for Defendant David Fletcher-Janzen*