UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES GOLBERT, Cook County Public Guardian, on behalf of Trinity B., Romeo S., Connor H., Jadiene T., Jymesha S., Tatyana H., and Jamya B., <br><br> Plaintiffs, <br><br> vs. <br><br> AURORA CHICAGO LAKESHORE HOSPITAL, LLC, doing business as Chicago Lakeshore Hospital; SIGNATURE HEALTHCARE SERVICES, LLC; BEVERLY J. WALKER; THE ESTATE OF GEORGE SHELDON; DAVID FLETCHER-JANZEN; NEIL SKENE; MICHAEL C. JONES; TIERNEY STUTZ; BEVERLY MIMS; MARCO LEONARDO; DENISE ELLIS; BROOKE SLOAN; NIAMA MALACHI; TAUSHA BLUITT; ELISABETH SCHEI; RICHARD KASYOKI; DION DILL; NIKOLAY KATSAROV; ADEBOLA ("DEBBIE") MAJEKODUNMI; SHANE MICHAELS; and EVE BROWNSTONE, <br><br> Defendants. | Case No. 19-cv-08257 <br><br> Honorable Judge Mary M. Rowland |

**SIGNATURE HEALTHCARE SERVICES, LLC AND AURORA CHICAGO LAKESHORE HOSPITAL, LLC'S MOTION TO PRECLUDE PLAINTIFFS' RELIANCE ON THEIR EX PARTE COMMUNICATIONS WITH NIAMA MALACHI**

Defendants Signature Healthcare Services, LLC ("Signature") and Aurora Chicago Lakeshore Hospital, LLC ("Chicago Lakeshore") respectfully request that this Court, pursuant to its inherent powers, order relief as requested due to plaintiffs' counsel's calculated violations of the ethical rules. In support of this motion, Signature and Chicago Lakeshore incorporate the accompanying memorandum of law and state as follows:

1. The Illinois Rules of Professional Conduct, the American Bar Association Model Rules of Professional Conduct, Seventh Circuit case law, and notions of fair play and justice

prohibit attorneys from discussing the privileged or confidential information of an adverse organization with former employees of the organization. Ill. Sup. Ct. R. 4.2 cmt. 7; *id.* R. 4.4; Model Rules of Pro. Conduct r. 3.4 (Am. Bar Ass'n 1983); *id.* r. 4.2 cmt. 7; *id.* r. 4.4; *Taylor v. Cook County Sheriff's Office*, No. 13-cv-1856, 2020 WL 1047053, at *2 (N.D. Ill. Mar. 4, 2020) (Rowland, J.). If a lawyer does receive such information of an adverse party from a former employee, they are, at a minimum, required to notify the adverse party. Ill. Sup. Ct. R. 4.4(b); Model Rules of Pro. Conduct r. 4.4(b); *Harris Davis Rebar, LLC v. Structural Iron Workers Local Union No. 1, Pension Tr. Fund*, No. 17 C 6473, 2019 WL 447622, at *4 (N.D. Ill. Feb. 5, 2019).

2. Plaintiffs' counsel, including Mariah Garcia and Scott Drury, violated these rules when they took the "sworn statement" of defendant Niama Malachi, a former employee of Chicago Lakeshore, on December 23, 2019 and obtained from Malachi privileged and confidential information of Signature and Chicago Lakeshore. Plaintiffs' counsel further violated those rules by not disclosing their receipt of Signature and Chicago Lakeshore's privileged and confidential information until nearly a year later, November 23, 2020—eleven months after they obtained the statement and notably after they relied on that information to amend their complaint and frame their discovery requests to Signature and Chicago Lakeshore.

3. The ethical violations of plaintiffs' counsel, including Ms. Garcia and Mr. Drury, have prejudiced Signature and Chicago Lakeshore's ability to defend themselves in this litigation.

4. Signature and Chicago Lakeshore thus request that this Court prohibit plaintiffs from using Malachi's sworn statement and any and all privileged and confidential information they improperly received during any other communications (which plaintiffs also have failed to properly disclose), and order relief as follows: (1) a finding that Malachi's December 23, 2019 statement is inadmissible and barring plaintiffs from introducing the statement or relying on

information contained within it, or any communications with Malachi, in any phase of the litigation; (2) require plaintiffs' counsel to disclose details of all communications with Malachi and provide a description of any documents that Malachi indicated she had in her possession and/or described; (3) order plaintiffs to produce all notes, documents, and internal communications regarding their communications with Malachi; (4) require plaintiffs to destroy all copies of Malachi's sworn statement and all documents identified in No. 3 after producing them; (5) strike the first amended complaint (Dkt. 135) and proceed with the original complaint (Dkt. 1); (6) order plaintiffs not to pursue factual or legal theories arising from information received as a result of communications with Malachi; (7) require plaintiffs to notify Defendants of any communications with their other former or current employees and require Defendants' counsel's presence during communications going forward; (8) bar plaintiffs from not discussing with any other witness Malachi's statements during the December 23, 2019 interview or at any other time; (9) bar plaintiffs from discussing any of the subjects raised in the sworn statement, or any other communications with Malachi, if plaintiffs depose or call Malachi as a trial witness; (10) award attorneys' fees and costs for bringing this motion and related correspondence between the parties; and (11) any relief this Court deems just and appropriate, including the potential disqualification of Loevy & Loevy as counsel for plaintiffs.

5. Pursuant to Local Rule 37.2, the parties conferred about these issues on January 25, 2020, by telephone. After consultation and good faith attempts to resolve their differences, the parties were unable to reach an accord.

WHEREFORE, for the foregoing reasons and for the reasons set forth in the accompanying memorandum of law, Signature and Chicago Lakeshore respectfully request that the Court grant their motion and order relief as requested.

Dated: January 27, 2021

Respectfully submitted,

/s/ *Craig C. Martin*

Craig C. Martin (CMartin@willkie.com)
Matt D. Basil (MBasil@willkie.com)
Laura L. Norris (LNorris@willkie.com)
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654
Tel: (312) 728-9000

Michael E. Prangle (mprangle@hpslaw.com)
Sabina Babel (sbabel@hpslaw.com)
Matthew J. Kaminski (mkaminski@hpslaw.com)
Daria Porta (dporta@hpslaw.com)
HALL PRANGLE & SCHOONVELD LLC
200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
Tel: (312) 345-9600

*Counsel for Defendants Signature Healthcare Services, LLC & Aurora Chicago Lakeshore Hospital, LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that, on January 27, 2021, a true and correct copy of **Signature Healthcare Services, LLC and Aurora Chicago Lakeshore Hospital, LLC's Motion to Preclude Plaintiffs' Reliance on Their Ex Parte Communications with Niama Malachi** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated: January 27, 2021

Respectfully submitted,

/s/ *Laura L. Norris*

Laura L. Norris
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654
Tel: (312) 728-9000

*Attorney for Defendants Signature Healthcare Services, LLC & Aurora Chicago Lakeshore Hospital, LLC*